Bob ROBERTSON *v.* STATE OF ARKANSAS

CA CR 84-22                                          674 S.W.2d 947

Court of Appeals of Arkansas
Division II
Opinion delivered September 5, 1984

*Felver A. Rowell, Jr.,* for appellant.

*Steve Clark* Atty. Gen., by: *Michael E. Wheeler,* Asst. Atty. Gen., for appellee.

DONALD L. CORBIN, Judge. Appellant, Bob Robertson, appeals a Perry County jury verdict of driving a motor vehicle while intoxicated. The jury recommended that appellant receive a sentence of 24 hours imprisonment in the

county jail; pay a fine of $500.00 and suspend appellant's driving privileges for a period of six months. We affirm.

The sole contention for reversal asserted by appellant on appeal is that the trial court erred in admitting the breathalyzer test unaccompanied by a written "waiver of rights" form. In this regard, appellant relies upon Ark. Stat. Ann. § 75-1045(c)(3) (Supp. 1983). He asserts that a written waiver of rights form is a mandatory prerequisite of the foundation needed to be laid prior to introduction of any test results.

Ark. Stat. Ann. § 75-1045 provides in part:

(a) Any person who operates a motor vehicle in this State shall be deemed to have given consent, subject to the provisions of subsection (c) of this Section, to a chemical test or tests of his or her blood, breath or urine for the purpose of determining the alcohol or controlled substance content of his or her blood if:

. . .

(b) Any person who is dead, unconscious or who is otherwise in a condition rendering him incapable of refusal, shall be deemed not to have withdrawn the consent provided by paragraph (a) of this section and the tests may be administered subject to the provisions of subsection (c) of this section.

. . .

(c) (3) The person tested may have a physician, or a qualified technician, registered nurse, or other qualified person of his own choice administer a complete chemical test or tests in addition to any test administered at the direction of a law enforcement officer. The law enforcement officer shall advise such person of this right. The refusal or failure of a law enforcement officer to advise such person of this right and to permit and assist the person to obtain such test or tests shall preclude the admission of evidence relating to the test

or tests taken at the direction of a law enforcement officer.

Officers Johnston and Shackelford testified that appellant signed a waiver of rights form. Although the State was unable to produce or introduce such a consent form and waiver of rights, both officers testified that appellant was advised of his rights and signed the consent form.

It is clear that the above statute requires that a person be advised of his or her right to a second test, but it does not dictate that a written waiver be obtained, which appellant suggests is essential to laying a proper foundation. The record does not reflect that appellant undertook to avail himself of a second test. Deputy Sheriff Shackelford specifically noted that appellant was advised that he could, at his own expense, have a blood or urine test and assistance in obtaining such a test. Officer Shackelford noted that he explained it twice and that each time appellant stated that he knew what he was doing and knew his rights. The officers also testified that there was no doubt in their minds that appellant "knew what he was doing." In addition, the officers testified that a rights form was signed by appellant and, during cross-examination, Trooper Johnston stated that the signed form was presented in municipal court. The record reflects that Trooper Johnston had testified earlier, without objection, as to the results of the breathalyzer test.

Clearly there is no error properly demonstrated in the facts of the instant case. Accordingly, we hold that the trial court properly admitted the results of appellant's breathalyzer test.

Affirmed.

CLONINGER and MAYFIELD, JJ., agree.